Mark Hallberg (Minn. ID 39639)
HALLBERG & McCLAIN, P.A.
380 St. Peter Street, Suite 715
St. Paul, MN 55102
Telephone: 651-255-6810
Facsimile: 6561-255-6820
Email: mhallberg@hallberglaw.com
*Pro Hac Vice Application Pending*

James E. Fitzgerald (5-1469)
THE FITZGERALD LAW FIRM
2108 Warren Avenue
Cheyenne, WY 82001-3710
Telephone: (307) 634-4000
Facsimile: (307) 635-2391
Email: jim@fitzgeraldlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

THE ESTATE OF LUKE BUCKLIN
by Gay Woodhouse, Wrongful Death
Representative,

    Plaintiff,

vs.

SERCO INC., a foreign corporation,

    Defendant.

Civil Action No. 12-CV-232-J

### COMPLAINT

### Parties

1. The plaintiff, Gay Woodhouse, is the duly appointed Wrongful Death Representative for the decedent, Luke Bucklin. Luke Bucklin died in an airplane crash on October 25, 2010 near Lander, Wyoming. Gay Woodhouse was appointed Wrongful Death Representative by an Order of the First Judicial District Court, Laramie County,

Wyoming on August 9, 2012. The heirs and next-of-kin of Luke Bucklin, decedent, include the following:

| | | |
|---|---|---|
| 1) | Ginger Bucklin - | Wife |
| 2) | Sarah Bucklin - | Daughter |
| 3) | David Bucklin - | Brother |
| 4) | Paul Bucklin - | Brother |
| 5) | Grace Cromie - | Half-sister |
| 6) | John Cromie - | Half-brother |
| 7) | Mary Ann Bucklin - | Mother |
| 8) | Larry Bucklin - | Father |

2. Defendant, Serco Inc., is a New Jersey corporation doing business in the State of Wyoming. At all times material hereto, Serco Inc. provided contract air traffic control services to the Federal Aviation Administration (FAA) facility at Jackson Hole Airport, Jackson, Wyoming.

3. At the time of his death, Luke Bucklin, decedent, was a citizen of the State of Minnesota.

**Jurisdiction and Venue**

4. Plaintiff, Gay Woodhouse, Wrongful Death Representative for the Estate of Luke Bucklin, is an attorney admitted to practice in Wyoming. Pursuant to 28 U.S.C. § 1332(c)(2), she is deemed to be a citizen of the same state as the decedent.

5. Defendant Serco Inc. is a for profit corporation existing under the laws of the State of New Jersey, with its principal place of business in the State of Virginia. Serco Inc. has minimum contacts with the State of Wyoming pursuant to its contract to provide air traffic control services for the Federal Aviation Administration for the Federal contract tower at Jackson Hole, Wyoming.

6. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the amount in controversy as to each defendant substantially exceeds Seventy-five

Thousand Dollars ($75,000), exclusive of interest and costs. Venue is permissible in this district pursuant to 28 U.S.C. § 1391 because the claim arises out of an occurrence in the State of Wyoming.

**Cause of Action for Negligence**

7. On Monday, October 25, 2010, the decedent, Luke Bucklin, filed an Instrument Flight Rules (IFR) flight plan with the intent to fly a Mooney M20J aircraft on a northbound departure from Jackson Hole, Wyoming onto Minneapolis, Minnesota.

8. Shortly before the planned departure time, the wind changed and the decedent contacted Jackson Hole Tower for his IFR flight plan clearance.

9. At all times material hereto, Serco Inc. provided air control services to Jackson Hole Tower pursuant to a contract with the Federal Aviation Administration. Upon receipt of the request for clearance, the defendant, acting through its agent and employee, modified the decedent's flight plan to a flight plan that contained significant differences from the flight plan that had been filed and requested by the decedent. These differences included the following:

   a) The routing included an Obstacle Departure Procedure which involved departure to the south instead of the north;

   b) A route that included a portion through "uncontrolled airspace" that had not been part of the flight plan requested by the decedent; and

   c) An altitude (16,000 ft.) that was 2,000 ft. higher than the altitude (14,000 ft.) that was requested for the north departure;

10. After receiving the amended flight plan from the air traffic controller, the decedent requested an altitude of 14,000 ft.

11. The air traffic controller approved clearance at 14,000 ft., knowing that a flight on the modified route at 14,000 ft. would be unsafe and below minimum safe altitude as required by applicable regulations, rules and orders for IFR flight in this area.

12. Soon after, the air traffic controller at Jackson Hole Tower communicated the flight plan, including the 14,000 ft. altitude, to a Federal Aviation Administration Salt Lake Enroute Air Traffic Control Center (ZLC ARTCC) and received a release on the aircraft.

13. The decedent's airplane departed Jackson Hole Airport at approximately 1:05 p.m. M.D.T. on October 25, 2012.

14. In providing air traffic control services to Luke Bucklin on October 25, 2010, the defendant, Serco, Inc., acting through its agents and employees, was negligent by departing from accepted standards of the air traffic control profession and violating applicable regulations, rules and orders that put the decedent and his passengers at risk of serious injury or death.

15. As a direct and proximate result of the negligence of the defendant acting through its agents and employees, at approximately 1:52 p.m. M.D.T. on October 25, 2010, the airplane that Luke Bucklin was piloting collided with mountainous terrain and he and his passengers were killed.

### Damages

16. As a direct and proximate result of the death of the decedent, the heirs and next-of-kin of Luke Bucklin have been damaged as follows:

4

1)   They have suffered the loss of the aide, advice, comfort, companionship, assistance and protection that he would have provided up to the date of trial;

2)   In the future they will suffer the loss of the aide, advice, comfort, companionship, assistance and protection that he would have provided in the future;

3)   They have incurred expenses for funeral and burial; and

4)   They have been otherwise damaged.

## Prayer for Relief

Wherefore, the heirs and next-of-kin pray for judgment against defendants in an amount greatly in excess of $75,000, this court's jurisdictional requirement, for compensatory damages and interest, costs, disbursements and such other relief as may be permitted by law.

Dated: October 16, 2012

Mark Hallberg (Minn. ID 39639)
HALLBERG & McCLAIN, P.A.
380 St. Peter Street, Suite 715
St. Paul, MN  55102
Telephone: 651-255-6810
Facsimile: 6561-255-6820
Email: mhallberg@hallberglaw.com

James E. Fitzgerald (5-1469)
THE FITZGERALD LAW FIRM
2108 Warren Avenue
Cheyenne, WY 82001-3710
Telephone: (307) 634-4000
Facsimile: (307) 635-2391
Email: jim@fitzgeraldlaw.com
*Attorneys for Plaintiff*