Mark A. Pottinger
Kathleen Byrne
TREECE ALFREY MUSAT P.C.
999 18th Street, Suite 1600
Denver, CO  80202
Telephone: (303) 292-2700
Facsimile: (303) 295-0414
Email: mpottinger@tamlegal.com
*Pro Hac Vice*

Judith A. Studer (Wyoming Bar No. 5-2174)
Rick L. Koehmstedt (Wyoming Bar No. 6-3101)
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center, Suite 500
Casper, WY  82601
307-235-6681 Telephone
307-234-5099 Facsimile

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| THE ESTATE OF LUKE BUCKLIN, by Gay Woodhouse, Wrongful Death Representative,  )<br>)<br>     Plaintiffs,   )<br>)<br>v.   )<br>)<br>SERCO, Inc.,   )<br>)<br>     Defendant.   ) | Case Number:  12-CV-232-J |

## FIRST AMENDED ANSWER

COMES NOW defendant Serco Inc. ("Serco"), by and through its undersigned counsel Schwartz, Bon, Walker, & Studer, LLC and Treece Alfrey Musat, P.C., for it first amended Answer to the Complaint in the above referenced matter, states as follows:

1.  Serco is without sufficient information to either admit or deny the allegations of this paragraph, and therefore denies same.

2.  Serco admits that it is a New Jersey corporation doing business in the state of Wyoming. Serco admits that on or about October 25, 2010, it operated the air traffic control tower in Jackson, Wyoming pursuant to a contract with the government of the United States of America.

3.  Serco is without sufficient information to either admit or deny the allegations of this paragraph, and therefore denies same.

4.  Serco is without sufficient information to either admit or deny the allegations of this paragraph, and therefore denies same.

5.  Serco admits that it is a New Jersey corporation doing business in the state of Wyoming. Serco admits that on or about October 25, 2010, it operated the air traffic control tower in Jackson, Wyoming pursuant to a contract with the government of the United States of America. Serco does not object to the jurisdiction of the Court over the issues raised in the complaint. Serco denies the remaining allegations of this paragraph.

6.    Serco does not contest the jurisdiction of the Court over the issues raised in the complaint.  Serco does not contest venue of this matter in Federal District Court for the District of Wyoming.  Serco denies the remaining allegations of this paragraph.

7.    Serco admits that on or about October 25, 2010, an IFR flight plan was filed for the flight of aircraft N201HF from Jackson, Wyoming to Pierre, South Dakota.  Serco is without sufficient information to either admit or deny the remaining allegations of this paragraph, and therefore denies same.

8.    Serco admits that an aircraft identified as N201HF contacted the Jackson tower by radio on or about October 25, 2010 to obtain an IFR clearance.   Serco denies the remaining allegations of this paragraph.

9.    On or about October 25, 2010, Serco personnel provided services at the Jackson, Wyoming airport pursuant to a contract with the government of the United States of America.  On that date Serco personnel provided an IFR clearance for aircraft N201HF.  The clearance was amended at the request of N201HF, then accepted by the aircraft.  Serco denies the remaining allegations of this paragraph.

10.   In connection with the provision of an IFR clearance for N201HF, the aircraft requested an amendment to the initial altitude of 16,000 feet originally stated in the clearance.  The amendment requested was to 14,000 feet.  Serco denies the remaining allegations of this paragraph.

11.     Serco denies the allegations of this paragraph.

12.     Serco admits that its personnel coordinated the flight plan changes, destination, and altitude for N201HF, with Salt Lake ARTCC.  Serco admits that Salt Lake ARTCC released N201HF with a climb and maintain altitude of 14,000 feet.  Serco denies the remaining allegations of this paragraph.

13.     Serco denies the allegations of this paragraph.

14.     Serco denies the allegations of this paragraph.

15.     Serco denies that it was negligent.  Serco is without sufficient information to either admit or deny the remaining allegations of this paragraph.

16.     Serco denies the allegations of this paragraph.

17.     Serco denies all allegations that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     The injuries and damages allegedly sustained by the Plaintiff herein are the sole and proximate result of a situation which constituted an Act of God and which, therefore, was beyond the control of this Defendant.

2.     Plaintiff's damages, if any, are the proximate result of acts or omissions, negligent or otherwise, of third persons over whom defendant exercised no control and for whose acts or omissions defendant is not responsible.

3. Plaintiff voluntarily assumed a known unreasonable risk and is barred from recovery herein.

4. Any fault of this defendant, which is expressly denies, must be compared to the fault of all other actors, including non-parties, pursuant to Wyo. Stat. § 1-1-109.

5. The injuries and damages allegedly sustained by the Plaintiff herein are the proximate result of the Plaintiff's fault, and are therefore barred under Wyo. Stat. § 1-1-109.

6. Plaintiff consented to the actions of this Defendant which form the basis for the allegations of the Complaint herein. Plaintiff, therefore, is barred from recovering damages as a result thereof.

7. The allegations forming the basis of this Complaint were performed with the full knowledge, consent and acquiescence of Plaintiff and/or Plaintiff's agents and Plaintiff is estopped from requesting the relief asserted herein.

8. The Complaint herein fails to state a claim against this Defendant upon which relief can be granted.

9. This Defendant had no duty or obligation to the Plaintiff under the circumstances forming the basis for this Complaint and no other duty or obligation on this Defendant exists as a matter of law.

10. By his actions, Plaintiff consented to and ratified any of the acts of Defendant complained of.

11. Plaintiff's claims are preempted by federal law.

12.     Serco reserves the right to add or include additional affirmative defenses as they become known in this matter.

WHEREFORE Defendants request that judgment be entered in their favor and against Plaintiff and for whatever other relief Defendants may be entitled.

Respectfully submitted this 10th day of May, 2013.

*s/ Mark A. Pottinger*
_____
Mark A. Pottinger
Kathleen M. Byrne
Treece Alfrey Musat P.C.
999 18th Street, #1600
Denver, Colorado 80202

and

*s/ Rick L. Koehmstedt*
_____
Judith A. Studer, Wyoming Bar No. 5-2174
Rick L. Koehmstedt, Wyoming Bar No. 6-3101
SCHWARTZ, BON, WALKER, & STUDER, LLC
141 South Center Street, Suite 500
Casper, Wyoming 82601-2588
jstuder@schwartzbon.com
rick@schwartzbon.com

*Attorneys for Defendant Serco Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on the 10th day of May, 2013, the within and foregoing *First Amended Answer* was served upon counsel of record via electronic transmission through the Court's CM/ECF system in accordance with Fed. R. Civ. P. 5(b).

James E. Fitzgerald
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001

Mark A Hallberg
HALLBERG & MCCLAIN PA
380 St Peter Street
Suite 715
St Paul, MN 55102

                                       ___*/s/ Rick L. Koehmstedt*_____
                                       Rick L. Koehmstedt